IN THE UNITED STATE DISTRICT COURT WESTERN DISTRICT of PENNSYLVANIA

MICHAEL FROST

vs.

CIVIL PROCESS NO. 10-117

EQUITY, ET AL
CRAWFORD CO. CT. of common PLEAS, ET AL
COMMONWEALTH of PENNSYLVANIA, ET AL
ERIE CO. CT. of common PLEAS, ET AL
D.O.C. CAMPHILL, ET AL
SCI ALBION, ET AL
GORDON R. MILLER P.J.
PATRICIA A. WETHERBEE CLERK of COURT
FRANCIS J. SCHULTZ D.A.
BULA C. DIGIACOMO ASSISTANT D.A.
SCOTT HALL   PUBLIC DEFENDER
DAN MASON   PUBLIC DEFENDER
EDWARD HOTHEWAY PUBLIC DEFENDER
MARK SWARTSEFAGER DETECTIVE
KELLEY KEPLER CRAWFORD CO. C.Y.S.
CRAWFORD CO. SHERIFFS, ET AL
THOMAS CORBETT PA. STATE ATTY. GEN.
ERIE CO. C.Y.S. KELLEY KEPLER
ERIE CO. D.A. JACK DANERI
JEFFERY BEARD D.O.C. SECRETARY
JUDITH VIG ?   D.O.C. RECORDS

Defendants

RAYMOND J. SOBINA SCI ALBION WARDEN
CHERYL GILL SCI ALBION RECORDS
EMEKA IBEMERE CASE WORKER SCI ALBION
JOHN SKENDALL LUITMANS. SCI ALBION

Defendants

Received MAY 14 2010 PETER T. CLERK U.S. DIST. WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

CIVIL PROCESS NO. _____

Requested

JURY TRIAL
DISCOVERY
COUNSEL
HEARING
RESTRAINING ORDER
RELEASE ORDER

DEAR PROTHONOTARY/COURT ADMINISTRATOR

CIVIL PROCESS

COMPLAINT IN EQUITY

JURISDICTION 18 U.S.C. §1201 F1 KIDNAPPING, UNLAWFUL RESTRAINT and DETENTION

RICO ACT, CIVIL RIGHTS ACT

WRIT OF MANDAMUS / INJUNCTION

Relief IN 28 U.S.C. 2241(c)(3)-§2243 and 28 U.S.C. §1331, §1343(a)(3)-§1367, 42 U.S.C. 1983-1987 etc.

NEWBERRY V. CROSBY, 351 F.3d 1048, AT 1060 (11th Cir. 2003)

AFFIDAVIT OF PROBABLE CAUSE

NOW COME PETITIONER MICHAEL FROST, THIS 13th DAY OF MAY, 2010 FOR INFORMA PAUPERIS FOR APPOINTMENT OF INDEPENDENT COUNSEL OR A SPECIAL MASTER and/or GRAND JURY TO INVESTIGATE and PROSECUTE THE PETITIONERS KIDNAPPING, UNLAWFUL RESTRAINT and DETENTION and FOR THE CLERK ISSUE RESTRAINING ORDER ON THE NAMED AGENCIES and DEFENDANTS, DUE TO A CONFLICT OF INTEREST and PREJUDICE BY THE STATE ATTORNEY GENERAL THOMAS CORBETT and OFFICE, WHOM HAD UPON INFORMATION and BELIEF HAD AUTHORIZED SAID KIDNAPPING and SEIZURE THRU THESE AGENCIES and DEFENDANTS

whom unlawfully Restrained and Has Detained to Present The Petitioner Lacking Probable cause and Jurispiction Since 1999. Then upon Fraud and Corruption, Tresson (violation of OATH) Thru civil conspiracy with all named Agencies and Defendants Created A Fraudulent civil and criminal Process To Hold Petitioner indefinitly under 198 of 1999 and 1288 OF 1999 Lacking Probable cause/ Jurisdiction, Arrest, Arraignment, Charges and infermation To Present. By A invalid Process and Void Judgement. And The petitioner contends That all of His constitional Rights in The Bill of rights in The U.S.C.A. 1, 4, 5, 6, 8, 9, 11, 13 and 14th were Violated and His civil Rights, Due process, Equal Protection, Double Jeopardy and ALIENation from association from His family were Violated. Upon the Illegal Seizure and Kidnapping From December 15th 1999 to present Lacking Probable cause/ Jurisdiction by These Agencies and Defendants as Required pursuant to Pa. const. ART, 1§8, U.S.C.A. 4th To the 14th constituting an Illegal seizure. And The Petitioner Has A Right to A restraining ORDER and released, with an injunction and order. And to BE compensated compensatory and punitive Damages By these Agencies and Defendants whom Acted under the color of Law $1,500 A Day Per agencies, Per individual, severally and Jointly IN Their Individual and offical compacity.

NOTE: Including cruel unusual punishment in The U.S.C.A. 8th and 14th.

As no man is above the Law united states v. NIXON (1974) nor can they claim immunity or Executive Privilege when Done in fraud and corruption. There fore the petitioner Request this Honorable court To order the crawford county court of common pleas to Provide state court Records IN CR 0000198-1999 and 1284 of 1999 to substain the petitioners claims and to Grant the petitioner Relief Requested and any other Relief this Honorable court Deems nessary and Appropeiate. U.S.C.A. 5, 6, 9 to The 14th Rights.

cc: united states District court
    clerk of court

CR: michael Frost
    EO2433 AB39
    Eric co: Regional Jail
    10745 Route 18
    Albion Pa. 16475-0002

Respectfully Submitted
may 13th 2010

*Michael Frost*
Michael Frost

Declaration/VERIFICATION

I, MICHAEL FROST, SWEAR/AFFRIM UNDER THE PENALTIES PROVIDED FOR UNDER 18 PA. C.S.A. 4904 THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Respectfully Submitted

*Michael Frost*

MICHAEL FROST EG 2433
10745 Route 18
Albion Pa. 16475-0002

Date: MAY 13TH, 2010

# COMMONWEALTH OF PENNSYLVANIA

COUNTY OF __CRAWFORD__

To any authorized person:

In the [name] of the Commonwealth of Pennsylvania, you are commanded to take into custody    DOB: 6/01/63 M WHITE
FROST, MICHAEL ALLAN
45041 HARRISON ROAD
SPARTANSBURG, PA 16434
(Address):

If the defendant be found in said Commonwealth, and bring the defendant before us at    AMY L. NICOLS
[address] FRANKLIN STREET
TITUSVILLE, PA 16354
PA ST POLIC-CORRY
(Political Subdivision)

to answer the Commonwealth or _____

upon the complaint or citation of    SWARTFAGER, MARK A
charging the defendant with    18 §3121 §§A6 (9 COUNTS)
**RAPE**
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this ___15___ day of ___December___, 99.

SEAL

Magisterial District No.: 30-3-06
Citation No.: _____ sentence: _____
FILED: 12/15/99    Fine: $    Costs: $
Docket No.: CR-0000198-99    Other: $
OTN: H 051284-2    Total: $

Amount needed to satisfy collateral: $

Reason for warrant: **FELONY**

COPY : DEFENDANT

AOPC 417-99

---

## RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant __12/15__

☒ I took into custody the within named [illegible]

☐ He is now at liberty on bail posted before _____

☐ in the _____ jail.

☐ before you for disposition.

☐ I accepted a guilty plea and collected $ _____ for fine and costs.

☐ I accepted a not guilty plea and collected $ _____ for collateral.

☐ I accepted the fine and costs due in the amount of $ _____

_____
(Signature of Officer - Name & Title)

## RETURN WHERE DEFENDANT IS NOT FOUND

After due search, I cannot find the within named defendant.

_____
SIGNATURE

_____
NAME

_____
TITLE

---

# WARRANT OF ARREST

WARRANT CONTROL NO.: **0568266**

DOCKET NUMBER: **CR-0000198-99**

COMMONWEALTH
OF
PENNSYLVANIA

VS.

FROST, MICHAEL ALLAN

OFFENSE DATE   2/17/98

CHARGE
**18 §3121 §§A6**

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of $ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of $ _____

_____
(Defendant's Signature)

Commit _____
Miles @ _____
_____ @ _____ Total

```
12/15/99              DISTRICT JUSTICE SYSTEM              PAGE    1
30-3-06              COMMONWEALTH OF PENNSYLVANIA     ADDITIONAL CHARGES


              WARRANT OF ARREST                COMMONWEALTH OF PENNSYLVANIA
                                                              VS
              CR-0000198-99                    FROST, MICHAEL ALLAN

   CHARGE                                DESCRIPTION

18 §3123 §§A6 (8 COUNTS) INVOLUNTARY DEVIATE SEXUAL INTERCOURSE
18 §4302 §§  (9 COUNTS) INCEST
18 §3125 §§1 (3 COUNTS) AGGRAVATED INDECENT ASSAULT
18 §3125 §§7 (3 COUNTS) AGGRAVATED INDECENT ASSAULT
18 §4304 §§A (3 COUNTS) ENDANGERING WELFARE OF CHILDREN
18 §6301 §§A1 (6 COUNTS) CORRUPTION OF MINORS
18 §3126 §§A1 (20 COUNTS) INDECENT ASSAULT
18 §3126 §§A7 (20 COUNTS) INDECENT ASSAULT
```

PRINTED: 12/15/99 15:30:48

## WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

WESTLAW supplements your legal research in many ways. WESTLAW allows you to

- *update your research with the most current information*
- expand your library with additional resources
- retrieve current, comprehensive history citing references to a case with KeyCite

For more information on using WESTLAW to supplement your research, see the WESTLAW Electronic Research Guide, which follows the Explanation.

## § 1201. Kidnapping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—

(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began;

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;

(4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or

(5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties;

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(b) With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person

has been transported to interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended.

(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.

(e) If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if (1) the victim is a representative, officer, employee, or agent of the United States, (2) an offender is a national of the United States, or (3) an offender is afterwards found in the United States. As used in this subsection, the United States includes all areas under the jurisdiction of the United States including any of the places within the provisions of sections 5 and 7 of this title and section 46501(2) of title 49. For purposes of this subsection, the term "national of the United States" has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22)).

(f) In the course of enforcement of subsection (a)(4) and any other sections prohibiting a conspiracy or attempt to violate subsection (a)(4), the Attorney General may request assistance from any Federal, State, or local agency, including the Army, Navy, and Air Force, any statute, rule, or regulation to the contrary notwithstanding.

(g) **Special rule for certain offenses involving children.**—

(1) **To whom applicable.**—If—

(A) the victim of an offense under this section has not attained the age of eighteen years; and

(B) the offender—

(i) has attained such age; and

(ii) is not—

(I) a parent;
(II) a grandparent;
(III) a brother;
(IV) a sister;
(V) an aunt;
(VI) an uncle; or

(VII) an individual having legal custody of the victim;

the sentence under this section for such offense shall be subject to paragraph (2) of this subsection.

(2) **Guidelines.**—The United States Sentencing Commission is directed to amend the existing guidelines for the offense of "kidnapping, abduction, or unlawful restraint," by including the following additional specific offense characteristics: If the victim was intentionally maltreated (i.e., denied either food or medical care) to a life-threatening degree, increase by 4 levels; if the victim was sexually exploited (i.e., abused, used involuntarily for pornographic purposes) increase by 3 levels; if the victim was placed in the care or custody of another person who does not have a legal right to such care or custody of the child either in exchange for money or other consideration, increase by 3 levels; if the defendant allowed the child to be subjected to any of the conduct specified in this section by another person, then increase by 2 levels.

(h) As used in this section, the term "parent" does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order.

(June 25, 1948, c. 645, 62 Stat. 760; Aug. 6, 1956, c. 971, 70 Stat. 1043; Oct. 24, 1972, Pub.L. 92–539, Title II, § 201, 86 Stat. 1072; Oct. 8, 1976, Pub.L. 94–467, § 4, 90 Stat. 1998; Nov. 9, 1977, Pub.L. 95–163, § 17(b)(1), 91 Stat. 1286; Oct. 24, 1978, Pub.L. 95–504, § 2(b), 92 Stat. 1705; Oct. 12, 1984, Pub.L. 98–473, Title II, § 1007, 98 Stat. 2139; Nov. 10, 1986, Pub.L. 99–646, §§ 36, 37(b), 100 Stat. 3599; Nov. 29, 1990, Pub.L. 101–647, Title IV, § 401, Title XXXV, § 3538, 104 Stat. 4819, 4925; July 5, 1994, Pub.L. 103–272, § 5(e)(2), (8), 108 Stat. 1373, 1374; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60003(a)(6), Title XXXII, §§ 320903(b), 320924, Title XXXIII, § 330021, 108 Stat. 1969, 2124, 2131, 2150; Apr. 24, 1996, Pub.L. 104–132, Title VII, § 721(f), 110 Stat. 1299; Pub.L. 105–314, Title VII, § 702, Oct. 30, 1998, 112 Stat. 2987.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on Title 18, U.S.C., 1940 ed., §§ 408a, 408c (June 22, 1932, c. 271, §§ 1, 3, 47 Stat. 326; May 18, 1934, c. 301, 48 Stat. 781, 782).

Section consolidates sections 408a and 408c of said Title 18, U.S.C., 1940 ed.

Reference to persons aiding, abetting or causing was omitted as unnecessary because such persons are made principals by section 22 of this title.

Words "upon conviction" were omitted as surplusage, because punishment cannot be imposed until a conviction is secured.

Direction as to confinement "in the penitentiary" was omitted because of section 4082 of this title which commits all prisoners to the custody of the Attorney General. (See reviser's note under section 1 of this title).

The phrase "for any term of years or for life" was substituted for the words "for such term of years as the court in its discretion shall determine" which appeared in said section 408a of Title 18, U.S.C., 1940 ed. This change was made in order to remove all doubt as to whether "term of years" includes life imprisonment.

Minor changes were made in phraseology.

**1956 Acts.** Senate Report No. 2820, see 1956 U.S. Code Cong. and Adm. News, p. 4373.

**1972 Acts.** Senate Report No. 92–1105 and House Conference Report No. 92–1485, see 1972 U.S. Code Cong. and Adm. News, p. 4316.

**1976 Acts.** House Report No. 94–1614, see 1976 U.S. Code Cong. and Adm. News, p. 4480.

**1977 Acts.** House Report Nos. 95–301, 95–14, and 95–15, and House Conference Report No. 95–773, see 1977 U.S. Code Cong. and Adm. News, p. 3383.

**1978 Acts.** House Report No. 95–1211 and House Conference Report No. 95–1779, see 1978 U.S. Code Cong. and Adm. News, p. 3737.

**1984 Acts.** House Report No. 98–1030 and House Conference Report No. 98–1159, see 1984 U.S. Code Cong. and Adm. News, p. 3182.

**1986 Acts.** House Report No. 99–797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

**1990 Acts.** House Report Nos. 101–681(Parts I and II) and 101–736, Senate Report No. 101–460, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6472.

**1994 Acts.** House Report No. 103–180, see 1994 U.S. Code Cong. and Adm. News, p. 818.

House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**1996 Acts.** Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**Amendments**

**1998 Amendments.** Subsec. (a)(1). Pub.L. 105–314, § 702(a), inserted ", regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began", before the semicolon.

Subsec. (a)(5). Pub.L. 105–314, § 702(b), struck "designated" and inserted "described".

Subsec. (b). Pub.L. 105–314, § 702(c), added "Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended".

**1996 Amendments.** Subsec. (e). Pub.L. 104–132, § 721(f), added "For purposes of this subsection, the term 'national of the United States' has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22))." following "section 46501(2) of title 49.", and substituted "If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if (1) the victim is a representative, officer, employee, or agent of the United States, (2) an offender is a national of the United States, or (3) an offender is afterwards found in the United States." for "If the victim of an offense under subsection (a) is an internationally protected person, the United States may exercise jurisdiction over the offense if the alleged offender is present within the United States, irrespective of the place where the offense was committed or the nationality of the victim or the alleged offender."

**1994 Amendments.** Heading. Pub.L. 103–322, § 330021(1), substituted "Kidnapping" for "Kidnaping" as the section heading.

Subsec. (a)(3). Pub.L. 103–272, § 5(e)(8), substituted "section 46501 of title 49" for "section 101(38) of the Federal Aviation Act of 1958".

Subsec. (a). Pub.L. 103–322, § 60003(a)(6), inserted in the provisions following par. (5) the phrase "and, if the death of any person results, shall be punished by death or life imprisonment".

Subsec. (b). Pub.L. 103–322, § 330021(2), substituted "kidnapped" for "kidnaped".

Subsec. (d). Pub.L. 103–322, § 320903(b), substituted "subsection (a)" for "subsection (a)(4) or (a)(5)".

Subsec. (e). Pub.L. 103–272, § 5(e)(2), substituted "section 46501(2) of title 49" for "section 101(38) of the Federal Avia-

Proof of SERVICE

Civil process no. _____

I Michael Frost verify this 13th day of May, 2010 that a true duplicate of the foregoing complaint in equity was served upon the following parties for docketing by the prothonotary as a civil process.

VIA: Certified Mail No. 7007 0710 0000 2129 3773

The United States District Court
Western District of Pennsylvania
Office of the Clerk
For the Prothonotary
17 South Park Row
P.O. Box 1820
Erie, PA. 16507

Respectfully Submitted

*[signature]*
CR: Michael Frost
EG2433  AB-39
Erie Co. Regional Jail
10745, Route 18
Albion PA. 16475-0002

# TABLE OF CONTENTS

CIVIL process no. _____

1. Proof of SERVICE to the clerk for the prothonotary
2. Cover sheet / List defendents
3. Complaint 3 pg.
4. Declaration / Verification sworn statement
5. In forma pauperis form

## EXHIBITS

1. Criminal complaint no. 198 of 1999 arrest warrant 2 pg.
2. 18 U.S.C. "1201 F1 Kidnapping, unlawful restraint and detention statue

Respectfully submitted
May 13th, 2010

Michael Frost
EG-2433   AB-39
Erie Co. Regional Jail
10745, Route 18
Albion, PA. 16475-0002