1of5

IN THE United States District court western District of Pennsylvania

Michael Frost
    Petitioner
   vs.                              case No. 1:10-cv-00117-SPB
Equity, Et Al
Crawford co. ct. common Pleas, Et Al      REQUESTED
Commonwealth of Pennsylvania, Et Al      DISCOVERY
Erie co. ct. of common Pleas, Et Al        COUNSEL
D.O.C. Probation and Parole, Et Al         HEARING
S.C.I-Albion- Erie co. Regional Jail, Et Al     Restraining ORDER
                   Respondants        Release ORDER

# FRAMED
## HABEAS Corpus
Venue    WRit oF MANDAMUS in 28 U.S.C. 2241(c)(3)-2243
              WITH INJUNCTIONS
Jurisdiction    original, EXCLUSIVE SUBJECT MATTER JURISDICTION

1. On Dec. 15th 1999 This Detective MARK A. SWARTFAGER T281 of the P.S. Police Took The Petitioner From His Home. And later served with a INValid warrant that did not have aney seal by Sined

**FILED**
OCT 19 2010
CLERK U.S. ...
WEST. D...

by Amy L. Nicols. If she even sined it at all.

2. Whitch Detective MARK SwartFager Prezented invalid crimanal complaint that wasent aproved by the D.A. nor was it singed By The D.A.

3. Criminal complaint was not for Petitioner, for the Social Security Number belongs to some other unknow Person.

4. By Belief The state attorney whom Had upon information and belief Had authorized Said Kidnapping and Seizure Thru These agencies and Defendants whom unlawfully restrained and Has Detained to Present The Petitioner Lacking Probable Case and Jurisdiction since 1999.

5. Then upon Fraud and corruption, Tresson (Violation of OuTH) Thru civil conspiracy with all named Agencies and Defendants created A Fraudulent civil and criminal Process to Hold Petitioner Indefinitly under 198-1999 1999-1288 and 1998-1288 Lacking probable cause/ Jurisdiction, Arrest, Arrainment, charges and infermation to Present. By A invalid Process and Void Judgement.

6. And Petitioner contends that all of His constitutional Rights in the Bill of rights in the U.S.C. A, 1, 4, 5, 6, 8, 9, 11, 13, and 14th and 4th to the 14th were violated and His civil rights, Due Process, Equal protection, Double Jeopardy and Alienation from association from His Family were violated. Upon The Illegal Seizure and Kidnapping from Dec. 15th, 1999 to Present Lacking Probable Cause/Jurisdiction by these Agencies and Defendants as Required pursuant to Pa. Const. ART, 1st 8, U.S.C. A. 4th to 14th constituting an Illegal Seizure, And the Petitioner Has A Right to A restraining order and released, with an Injunction and order, Including cruel and unusual Punishment in The U.S.C. A. 8th and 14th. And to be compensated by The compensatory and punitive Damages By these Agencies and Defendants whom Acted under the color of Law $1,500 A Day per agencies, per individual, severally and Jointly In Their Individual and offical compacity.

7. As no man is above the Law United States V. NIXON (1974) nor can they claim immunity or Executive Privilege when Done in Fraud and corruption. There fore the Pititioner Request This Honorable court to order the Crawford county courts of common Pleas to provide state court records IN CR-0000198-1999 and 1998-1288 and 1999-1288 to substain The Petitioners claims and to Grant the Petitioner

Relief Requested and any other Relief This Honorable court Deems nessary and Appropeiate.
U.S.C.A. 4, 5, 6, 9, to the 14th Rights

8. Allso sentenced by Two Judeges at the Same Time without going from one court Room to The other, when apeard in front of only one Judge Gordon R. Miller. P.J. commitment order not singed by Judge. But by clerk of court which dosent have the Power to do so.

cc: United States District Court
    Clerk of court
P.O. Box 1820
Erie Pa. 16507

cR: Respetfully submitted
Oct, 15, 2010
*Michael Frost*
Michael Frost

cR: Michael Frost
E62433
Erie Co. Regional Jail
10745 Route 18
Albion Pa. 16475-0002

IN THE UNITED STATES DISTRICT COURT WESTERN District of Pennsylvina

PROOF OF SERVICE

Michael Frost
  Petitioner
  vs.                                              Case No. 1:10-cv-00117-SPB

EQUITY, Et Al
Crawford Co. ct. Common Pleas, Et Al
Common wealth of Pennsylvinia, Et Al
Erit co. ct. of common Pleas, Et Al
D.O.C. Probation and Parole, Et Al
Erie Co. Regalunal Jail, Et Al
        Respondants

I Michael Frost Que Hereby Verify That on this Oct, 15, 2010 That a True and correct copy of the Petition was scrved upon The Following Parties. VIA: First class MAIL

cc: The United States District Court
Western District of Pennsylvania
  Office of the Clerk
  P.O. Box 1820
  Erie Pa. 16507          cr. Respectfully submitted

                          Michael Frost
                          Michael Frost EG2433
                          Erie Co. Regional Jail
                          10745 Route 18
                          Albion Pa. 16475-0002

# TABLE OF CONTENTS

Civil Process No. 1:10-cv-00117-SPB

1. Proof of Service To The clerk For the Prothonotary
2. Cover Sheet / List Defendants
3. Complaint 5 Pg.
4. Declaration / Verification sworn statement
5. In Forma Pauperis Form
6. Notice of Apperance

    EXHIBITS

1. Criminal complaint No. CR-0000198-1999 arrest warrant 2 Pg.
2. 18 U.S.C. § 1201 Ft kidnapping, unlawful Restraint and Detention Statue
3. 2 Page of 300B commitment order

CR: Respectfully submitted
Oct, 15, 2010
Michael Frost
Michael Frost EG2433
Erie Co. Regional Jail
10745, Route 18
Albion Pa, 16475-0002

**WARRANT OF ARREST**

WARRANT CONTROL NO.: **0568266**

DOCKET NUMBER: **CR-0000198-99**

COMMONWEALTH OF PENNSYLVANIA
VS.
**FROST, MICHAEL ALLAN**

OFFENSE DATE: **2/17/98**

CHARGE: **18 §3121 §§A6**

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of
$ _____

_____ (Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of
$ _____

_____ (Defendant's Signature)

---

**RETURN WHERE DEFENDANT IS FOUND**

By authority of this warrant _____, ____

☒ I took into custody the within named _Michael Alan Frost_ .

☐ He is now at liberty on bail posted before _____.

☐ in the _____ jail.

☐ before you for disposition.
☐ I accepted a guilty plea and collected $ _____ for fine and costs.

☐ I accepted a not guilty plea and collected $ _____ for collateral.
☐ I accepted the fine and costs due in the amount of $ _____

_____
(Signature of Officer, Badge & Title)

**RETURN WHERE DEFENDANT IS NOT FOUND**

After due search, I cannot find the within named defendant.

_____ SIGNATURE
_____ NAME
_____ TITLE

Miles @ _____ ¢ Commuting
Miles @ _____ ¢ Conveying to ____
                         Total

---

**COMMONWEALTH OF PENNSYLVANIA**

COUNTY OF **CRAWFORD**

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody  DOB: **6/01/63  M  WHITE**
**FROST, MICHAEL ALLAN**
**45041 HARRISON ROAD**
**SPARTANSBURG, PA 16434**

If the defendant be found in said Commonwealth, and bring the defendant before us at **AMY L. NICOLS**
(Address) _____
**TITUSVILLE, PA 16354**

to answer the Commonwealth or **PA ST POLIC-CORRY** (Political Subdivision)

upon the complaint or citation of **SWARTFAGER, MARK A** charging the defendant with **18 §3121 §§A6 (9 COUNTS)**

and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this ____15____ day of ____December____, 99.

SEAL   _____

Magisterial District No.: **30-3-06**   sentence: _____
Citation No.: _____   Fine: $ _____   Costs: $ _____
FILED: **12/15/99**   Other: $ _____   Total: $ _____
Docket No.: **CR-0000198-99**
OTN: **H 051284-2**

Amount needed to satisfy collateral: $ _____

Reason for warrant: **FELONY**

COPY : **DEFENDANT**



AOPC 417-99

**CRIMINAL COMPLAINT**

**COMMONWEALTH OF PENNSYLVANIA**

VS.

DEFENDANT:

Registration No / Number: 30-3-06

Issuing Authority Name/Title: Amy L. NICOLS

Address: One Commonwealth Place, Suite E1, Titusville, PA 16354

Telephone: (814) 827-6514

Docket No.: CR-0000198-99

Date Filed: DECEMBER 15, 1999

OTN: H 051284-2

NAME and ADDRESS:
Michael Allan FROST
45041 Harrison Road
Spartansburg, PA 16434

Defendant's Race/Ethnicity: ☒ White ☐ Asian ☐ Black ☐ Hispanic ☐ Native American ☐ Unknown

Defendant's Sex: ☐ Female ☒ Male

Defendant's D.O.B.: 6/1/63

Defendant's Social Security Number: 165565034

Defendant's SID:

Defendant's A.K.A.:

Defendant's Vehicle Information:
PLATE NUMBER | STATE | REGISTRATION STICKER (MM/YY)

Defendant's Driver's License Number: STATE PA 20698970

Complaint/Incident Number: E02-0882665

Complaint/Incident Number if other Participants:

UCR/NIBRS Code:

District Attorney's Office ☐ Approved ☐ Disapproved because:
(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa.R.Cr.P. 107)

(Name of Attorney for Commonwealth – Please Print or Type)    (Signature of Attorney for Commonwealth)

I, Tpr. Mark A. SWARTFAGER / 7281
(Name of Affiant – Please Print or Type)    (Officer Badge Number / ID)

of, THE PENNSYLVANIA STATE POLICE    TROOP E    CORRY
(Identify Department or Agency Represented and Political Subdivision)    (Police Agency ORI Number)    (Originating Agency Case Number (OCA))

do hereby state: (check the appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____
   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at

45041 Harrison Road, Rome Township, and on the rural roadways leading to/from 45041 Harrison Road,

in CRAWFORD County on or about 01/01/98-08/23/99.

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)

Michael Allan FROST

2. The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient, in a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

Refer to the following attached pages for each respective victim:

Victim #1: A.D.F. (DOB:10/02/90)   Pages 2 through 10.
Victim #2: L.A.F. (DOB: 08/18/91)   Pages 11 through 15.
Victim #3: B.A.F. (DOB: 09/30/92)   Pages 16 through 21.
Victim #4: B.M.P. (DOB: 06/30/89)   Page 22.

(Victims are children and their full names and identities will be attached in a confidential envelope.)

1

| DC-300B (PART II) Rev. 7/99 | ~~Type~~ or Print Legibly |
|---|---|
| COURT COMMITMENT<br>CONTINUATION SHEET<br>STATE OR COUNTY CORRECTIONAL INSTITUTION<br>Commonwealth of Pennsylvania<br>vs.<br>Frost, Michael A.<br>COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX) | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS<br>BOX 598 CAMP HILL, PA. 17001-0598<br>Attn: Central Office Records<br><br>NOTE: Additional supply of this form available at above address |

| COURT NUMBER 1999-1288 | OFFENSE TRACKING NUMBER (OTN) H051284-2 |
|---|---|
| MANDATORY SENTENCE: ☒ Yes ☐ No | COUNTY REFERENCE #: |
| BOOT CAMP RECOMMENDED: ☐ Yes ☒ No | |

The above defendant after ☒ Pleading guilty ☐ Nolo contendre ☐ Being found guilty ☐ GBMI

was on __May 19, 2000__, ____, sentenced by Judge __Gordon R. Miller, P.J.__
to a term of not less than __05__ years, ____ months, ____ days nor more than __10__ years, ____ months,
____ days, or _____ for the offense of
__Involuntary Deviate Sexual Intercourse__ (Section __3123__ of the Crimes Code) or (other statute) _____.

| Fine:<br>Amount $ __100.00__<br>Balance $ __100.00__ | Cost:<br>Amount $ ____<br>Balance $ ____ | Restitution:<br>Amount $ ____<br>Balance $ ____ |
|---|---|---|
| CREDIT FOR TIME SERVED | EFFECTIVE DATE OF SENTENCE May 19, 2000 | |

THIS SENTENCE IS CONCURRENT WITH:
THIS SENTENCE IS CONSECUTIVE TO: to run consecutive to Count 21

| COURT NUMBER 1998-1288 | OFFENSE TRACKING NUMBER (OTN) H051284-2 |
|---|---|
| MANDATORY SENTENCE: ☒ Yes ☐ No | COUNTY REFERENCE #: |
| BOOT CAMP RECOMMENDED: ☐ Yes ☒ No | |

The above defendant after ☒ Pleading guilty ☐ Nolo contendre ☐ Being found guilty ☐ GBMI

was on __May 19, 2000__, ____, sentenced by Judge __Anthony J. Vardaro, J.__
to a term of not less than __05__ years, ____ months, ____ days nor more than __10__ years, ____ months,
____ days, or _____ for the offense of
__Involuntry Deviate Sexual Intercourse__ (Section __3123__ of the Crimes Code) or (other statute) _____.

| Fine:<br>Amount $ __100.00__<br>Balance $ __100.00__ | Cost:<br>Amount $ ____<br>Balance $ ____ | Restitution:<br>Amount $ ____<br>Balance $ ____ |
|---|---|---|
| CREDIT FOR TIME SERVED | EFFECTIVE DATE OF SENTENCE May 19, 2000 | |

THIS SENTENCE IS CONCURRENT WITH:
THIS SENTENCE IS CONSECUTIVE TO: to run consecutive to Sent. at Ct. 51

(SEAL)

In witness to the above sentence(s) for offense(s) as well as those found on the reverse side of this document, I hereunto set my hand and seal of said court, this __24th__ day of __May__, __2000__.

Authorized Signature

| COURT NUMBER | 1999-1288 | OFFENSE TRACKING NUMBER (OTN) | 0512842 |
|---|---|---|---|

| MANDATORY SENTENCE: | ☐ Yes  ☒ No | COUNTY REFERENCE #: |
|---|---|---|
| BOOT CAMP RECOMMENDED | ☐ Yes  ☒ No | |

The above defendant after  ☒ Pleading guilty   ☐ Nolo contendre   ☐ Being found guilty   ☐ GBMI

was on __May 19, 2000__, ____, sentenced by Judge __Gordon R. Miller, P.J.__

to a term of not less than ____ years, __12__ months, ____ days nor more than ____ years, __30__ months, ____ days, or _____ for the offense of

__Endangering Welfare of Minors__ (Section __4304__ of the Crimes Code) or (other statute) _____

| Fine: Amount $ 100.00  Balance $ 100.00 | Cost: Amount $ ____  Balance $ ____ | Restitution: Amount $ ____  Balance $ ____ |
|---|---|---|
| CREDIT FOR TIME SERVED | EFFECTIVE DATE OF SENTENCE | May 19, 2000 |

THIS SENTENCE IS CONCURRENT WITH:
THIS SENTENCE IS CONSECUTIVE TO:  to run consecutive to Ct. 68

---

| COURT NUMBER | 1998-1288 | OFFENSE TRACKING NUMBER (OTN) | H0512842 |
|---|---|---|---|

| MANDATORY SENTENCE: | ☐ Yes  ☒ No | COUNTY REFERENCE #: |
|---|---|---|
| BOOT CAMP RECOMMENDED | ☐ Yes  ☒ No | |

The above defendant after  ☒ Pleading guilty   ☐ Nolo contendre   ☐ Being found guilty   ☐ GBMI

was on __May 19, 2000__, ____, sentenced by Judge __Gordon R. Miller, P.J.__

to a term of not less than ____ years, __12__ months, ____ days nor more than ____ years, __30__ months, ____ days, or _____ for the offense of

__Endangering Welfare of Minors__ (Section __4304__ of the Crimes Code) or (other statute) _____

| Fine: Amount $ 100.00  Balance $ 100.00 | Cost: Amount $ ____  Balance $ ____ | Restitution: Amount $ ____  Balance $ ____ |
|---|---|---|
| CREDIT FOR TIME SERVED | EFFECTIVE DATE OF SENTENCE | May 19, 2000 |

THIS SENTENCE IS CONCURRENT WITH:  to run concurrent with with Count 82
THIS SENTENCE IS CONSECUTIVE TO:

---

| COURT NUMBER | | OFFENSE TRACKING NUMBER (OTN) | |
|---|---|---|---|

| MANDATORY SENTENCE: | ☐ Yes  ☐ No | COUNTY REFERENCE #: |
|---|---|---|
| BOOT CAMP RECOMMENDED | ☐ Yes  ☐ No | |

The above defendant after  ☐ Pleading guilty   ☐ Nolo contendre   ☐ Being found guilty   ☐ GBMI

was on _____, ____, sentenced by Judge _____

to a term of not less than ____ years, ____ months, ____ days nor more than ____ years, ____ months, ____ days, or _____ for the offense of

_____ (Section _____ of the Crimes Code) or (other statute) _____

| Fine: Amount $ ____  Balance $ ____ | Cost: Amount $ ____  Balance $ ____ | Restitution: Amount $ ____  Balance $ ____ |
|---|---|---|
| CREDIT FOR TIME SERVED | EFFECTIVE DATE OF SENTENCE | |

THIS SENTENCE IS CONCURRENT WITH:
THIS SENTENCE IS CONSECUTIVE TO:

| DC-300B (PART I) Rev. 7/99 | | | 7-24-00 | | Type or Print Legibly |
|---|---|---|---|---|---|
| COURT COMMITMENT STATE OR COUNTY CORRECTIONAL INSTITUTION Commonwealth of Pennsylvania vs. | | | | | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS BOX 598 CAMP HILL, PA. 17001-0598 Attn: Central Office Records NOTE: Additional supply of this form available at above address |

~~Frost, Michael A.~~
COMMITMENT NAME (LAST, FIRST, INITIAL, SUFFIX)     ☐ DC-300B (PART II) attached

| SEX | Date of Birth | SID | OTN | COURT OF INITIAL JURISDICTION | ☐ | COMMON PLEAS | ☒ |
|---|---|---|---|---|---|---|---|
| ☐ F  ☒ M | 06-01-1963 | 150-61-15-4 | H051284-2 | | | | |

| COMMITTING COUNTY Crawford | COURT NUMBER 1999-1288 | DATE -TERM |
|---|---|---|

| MANDATORY SENTENCE | ☒ Yes | ☐ No | COUNTY REFERENCE #: |
|---|---|---|---|
| BOOT CAMP RECOMMENDED | ☐ Yes | ☒ No | |

| The above defendant after | ☒ Pleading guilty | ☐ Nolo contendre | ☐ Being found guilty | ☐ GBMI |
|---|---|---|---|---|

was on __May 19__, __2000__, sentenced by Judge __Gordon R. Miller__

to a term of not less than __05__ years, ____ months, ____ days nor more than __10__ years, ____ months, ____ days, or __Involuntary Deviate Sexual Intercourse__ for the offense of _____ (Section __3123__) of the Crimes Code) or (other statute) _____. It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the __State__ facility located at __Pittsburgh__.

| Fine: Amount $ 100.00 Balance $ 100.00 | Cost: Amount $ 309.00 Balance $ 309.00 | Restitution: Amount $ _____ Balance $ _____ |
|---|---|---|

| CREDIT FOR TIME SERVED (EXPLANATION OF CREDIT COMPUTATION ON REVERSE SIDE) | EFFECTIVE DATE OF SENTENCE May 19, 2000 |
|---|---|

THIS SENTENCE IS CONCURRENT WITH:

THIS SENTENCE IS CONSECUTIVE TO:

| PROSECUTING ATTORNEY | Paula DiGiacomo, Esq. | DISPOSITION ON NON-INCARCERATION OFFENSE(S) |
|---|---|---|
| DEFENSE ATTORNEY | M. Dan Mason, Esq. | |
| COURT REPORTER | Walter Podurgiel | |

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

In witness, whereof I have hereunto set my hand and seal of said court, this __24th__ day of __May__, 2000.

(SEAL)

_____
AUTHORIZED SIGNATURE

has been transported to interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended.

(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.

(e) If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if (1) the victim is a representative, officer, employee, or agent of the United States, (2) an offender is a national of the United States, or (3) an offender is afterwards found in the United States. As used in this subsection, the United States includes all areas under the jurisdiction of the United States including any of the places within the provisions of sections 5 and 7 of this title and section 46501(2) of title 49. For purposes of this subsection, the term "national of the United States" has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22)).

(f) In the course of enforcement of subsection (a) (4) and any other sections prohibiting a conspiracy or attempt to violate subsection (a) (4), the Attorney General may request assistance from any Federal, State, or local agency, including the Army, Navy, and Air Force, any statute, rule, or regulation to the contrary notwithstanding.

(g) **Special rule for certain offenses involving children.**—

(1) **To whom applicable.**—If—

(A) the victim of an offense under this section has attained the age of eighteen years; and

(B) the offender—

(i) has attained such age; and

(ii) is not—

(I) a parent;
(II) a grandparent;
(III) a brother;
(IV) a sister;
(V) an aunt;
(VI) an uncle; or

---

**WESTLAW COMPUTER ASSISTED LEGAL RESEARCH**

WESTLAW supplements your legal research in many ways. WESTLAW allows you to

• update your research with the most current information
• expand your library with additional resources
• retrieve current, comprehensive history citing references to a case with KeyCite

For more information on using WESTLAW to supplement your research, see the WESTLAW Electronic Research Guide, which follows the Explanation.

## § 1201. Kidnapping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—

(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began;

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;

(4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or

(5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties;

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(b) With respect to subsection (a) (1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person

18 § 1201                                CRIMES     Part 1

(VII) an individual having legal custody of the victim;

the sentence under this section for such offense shall be subject to paragraph (2) of this subsection.

(2) Guidelines.—The United States Sentencing Commission is directed to amend the existing guidelines for the offense of "kidnapping, abduction, or unlawful restraint," by including the following additional specific offense characteristics: If the victim was intentionally maltreated (i.e., denied either food or medical care) to a life-threatening degree, increase by 4 levels; if the victim was sexually exploited (i.e., abused, used involuntarily for pornographic purposes) increase by 3 levels; if the victim was placed in the care or custody of another person who does not have a legal right to such care or custody of the child either in exchange for money or other consideration, increase by 3 levels; if the defendant allowed the child to be subjected to any of the conduct specified in this section by another person, then increase by 2 levels.

(h) As used in this section, the term "parent" does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order.

(June 25, 1948, c. 645, 62 Stat. 760; Aug. 6, 1956, c. 971, 70 Stat. 1043; Oct. 24, 1972, Pub.L. 92–539, Title II, § 201, 86 Stat. 1072; Oct. 8, 1976, Pub.L. 94–467, § 4, 90 Stat. 1998; Nov. 9, 1977, Pub.L. 95–163, § 17(b)(1), 91 Stat. 1286; Oct. 24, 1978, Pub.L. 95–504, § 2(b), 92 Stat. 1705; Oct. 12, 1984, Pub.L. 98–473, Title II, § 1007, 98 Stat. 2139; Nov. 10, 1986, Pub.L. 99–646, §§ 36, 37(b), 100 Stat. 3599; Nov. 29, 1990, Pub.L. 101–647, Title IV, § 401, Title XXXV, § 3538, 104 Stat. 4819, 4925; July 5, 1994, Pub.L. 103–272, § 5(e)(2), (8), 108 Stat. 1373, 1374; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60003(a)(6), Title XXXII, §§ 320903(b), 320924, Title XXXIII, § 330021, 108 Stat. 1969, 2124, 2131, 2150; Apr. 24, 1996, Pub.L. 104–132, Title VII, § 721(f), 110 Stat. 1299; Pub.L. 105–314, Title VII, § 702, Oct. 30, 1998, 112 Stat. 2987.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on Title 18 U.S.C., 1940 ed., §§ 408a, 408c (June 22, 1932, c. 271, §§ 1, 3, 47 Stat. 326; May 18, 1934, c. 301, 48 Stat. 781, 782).

Section consolidates sections 408a and 408c of said Title 18, U.S.C., 1940 ed.

Reference to persons aiding, abetting or causing was omitted as unnecessary because such persons are made principals by section 22 of this title.

Words "upon conviction" were omitted as surplusage, because punishment cannot be imposed until a conviction is secured.

Direction as to confinement "in the penitentiary," was omitted because of section 4082 of this title which commits all prisoners to the custody of the Attorney General. (See reviser's note under section 1 of this title.)

The phrase "for any term of years or for life," was substituted for the words "for such term of years as the court in its discretion shall determine" which appeared in said section 408a of Title 18, U.S.C., 1940 ed. This change was made in order to remove all doubt as to whether "term of years" includes life imprisonment.

Minor changes were made in phraseology.

**1956 Acts.** Senate Report No. 2820, see 1956 U.S. Code Cong. and Adm. News, p. 4373.

**1972 Acts.** Senate Report No. 92–1105 and House Conference Report No. 92–1485, see 1972 U.S. Code Cong. and Adm. News, p. 4316.

**1976 Acts.** House Report No. 94–1614, see 1976 U.S. Code Cong. and Adm. News, p. 4480.

**1977 Acts.** House Report Nos. 95–301, 95–14, and 95–15, and House Conference Report No. 95–773, see 1977 U.S. Code Cong. and Adm. News, p. 3383.

**1978 Acts.** House Report No. 95–1211 and House Conference Report No. 95–1779, see 1978 U.S. Code Cong. and Adm. News, p. 3737.

**1984 Acts.** House Report No. 98–1030 and House Conference Report No. 98–1159, see 1984 U.S. Code Cong. and Adm. News, p. 3182.

**1986 Acts.** House Report No. 99–797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

**1990 Acts.** House Report Nos. 101–681(Parts I and II) and 101–736, Senate Report No. 101–460, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6472.

**1994 Acts.** House Report No. 103–180, see 1994 U.S. Code Cong. and Adm. News, p. 818.

House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**1996 Acts.** Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**Amendments**

**1998 Amendments.** Subsec. (a)(1). Pub.L. 105–314, § 702(a), inserted ", regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began", before the semicolon.

Subsec. (a)(5). Pub.L. 105–314, § 702(b), struck "designated and inserted "described".

Subsec. (b). Pub.L. 105–314, § 702(c), added "Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended."

**1996 Amendments.** Subsec. (e). Pub.L. 104–132, § 721(f), added "For purposes of this subsection, the term 'national of the United States' has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22))." following "section 46501(2) of title 49.", and substituted "If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if (1) the victim is a representative, officer, employee, or agent of the United States, (2) an offender is a national of the United States, or (3) an offender is afterwards found in the United States." for "If the victim of an offense under subsection (a) is an internationally protected person, the United States may exercise jurisdiction over the offense if the alleged offender is present within the United States, irrespective of the place where the offense was committed or the nationality of the victim or the alleged offender."

**1994 Amendments.** Heading. Pub.L. 103–322, § 330021(1), substituted "Kidnapping" for "Kidnaping" as the section heading.

Subsec. (a)(3). Pub.L. 103–272, § 5(e)(8), substituted "section 46501 of title 49" for "section 101(38) of the Federal Aviation Act of 1958".

Subsec. (a). Pub.L. 103–322, § 60003(a)(6), inserted in the provisions following par. (5) the phrase "and, if the death of any person results, shall be punished by death or life imprisonment".

Subsec. (b). Pub.L. 103–322, § 330021(2), substituted "kidnapped" for "kidnaped".

Subsec. (d). Pub.L. 103–322, § 320903(b), substituted "subsection (a)" for "subsection (a)(4) or (a)(5)".

Subsec. (e). Pub.L. 103–272, § 5(e)(2), substituted "section 46501(2) of title 49" for "section 101(38) of the Federal Avia-