**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Michael Allan Frost,** | : | |
| Petitioner, | : | |
| *vs.* | : | C.A. 10-117   ERIE |
| **Commonwealth of Pennsylvania,** | : | |
| Respondents, | : | |

## DISTRICT ATTORNEY'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW this 9th day of February, 2011, comes the Commonwealth of Pennsylvania, by Paula C. DiGiacomo, Esq., First Assistant District Attorney of Crawford County, Pennsylvania, and files the following answer to the Petitioner's Petition for Writ of Habeas Corpus and answers the Petition as follows:

1. The Commonwealth denies each and every allegation of fact alleged by the Petitioner in the Petition except those facts specifically admitted herein.

2. On December 15, 1999, Appellant was arrested by the Pennsylvania State Police and charged with nine (9) counts of Rape; nine (9) counts of Incest; eight (8) counts of Involuntary Deviate Sexual Intercourse; six (6) counts of Aggravated Indecent Assault; forty (40) counts of Indecent Assault; five (5) counts of Endangering Welfare of Children; and six (6) counts of Corruption of Minors.

3. The charges stem from his course of conduct of sexual abuse of five of his biological children in 1998 and 1999.  Appellant engaged his female child, A.D.F., D.O.B., 10-2-90, age 8 or 9, in sexual intercourse, fellatio, cunnilingus and digital penetration of her genitals.  Appellant engaged his biological daughter, L.A.F., D.O.B., 8-18-91, age 7 or 8, in sexual intercourse, cunnilingus, digital penetration of her genitals and made her watch pornographic movies.  Appellant engaged his biological daughter, B.A.F., D.O.B., 9-30-92, age 6 or 7, in sexual intercourse, cunnilingus, fellatio, digital penetration of her genitals, penetration of her genitals with a barbie doll, and made her touch his penis with her hand.  Appellant had his biological son, B.M.P., D.O.B., 6-30-89, age 8 or 9, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F. and made him watch pornographic movies.  Appellant had his biological son, M.A.F., D.O.B., 11-7-93 age 5 or 6, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F.

4. On March 10, 2000, Appellant pled guilty to Count 21, Involuntary Deviate Sexual Intercourse (fellatio on A.D.F.), a felony of the first degree under 18 Pa.C.S.A. §3123(6); Count 51, Involuntary Deviate Sexual Intercourse (cunnilingus on L.A.F.), a felony of the first degree under 18 Pa.C.S.A. §3123(6); Count 68, Involuntary Deviate Sexual Intercourse (fellatio on B.A.F.), a felony of the first degree under 18 Pa.C.S.A. §3123(6); Count 82, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S.A. § 4304; and Count 83, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S.A. §4304.  Counts 21, 51 and 68 each carried five (5) year mandatory minimum sentences.  The remaining counts were *nolle prossed* by the Commonwealth.

5. Petitioner was sentenced on May 19, 2000 to the following:  Count 21 – Involuntary Deviate Sexual Intercourse, a felony of the first degree, 5 to 10 years; Count 51 – Involuntary Deviate Sexual Intercourse, a felony of the first degree, 5 to 10 years to run consecutive to Count 21; Count 68 - Involuntary Deviate Sexual Intercourse, a felony of the first degree, 5 to 10 years to run consecutive to Count 51; Count 82 – Endangering the Welfare of Minors, a misdemeanor of the first degree, 12 to 30 months, to run consecutive to Count 68; Count 83 – Endangering the Welfare of Minors, a misdemeanor of the first degree, 12 to 30 months, to run concurrent with Count 82.  This sentence aggregated to 16 years to 32½ years.

6. On May 24, 2000, the Petitioner filed a motion for reconsideration and modification of sentence, which was denied on May 24, 2000.

7. On June 2, 2000, the Petitioner filed a motion to modify sentence, which was granted and the Petitioner was given credit for 156 days of pre-sentence incarceration.

8. In August of 2000, the Petitioner filed a Motion for Post Conviction Collateral Relief.  August 30, 2000, Ed Hatheway was appointed as counsel for the Petitioner.

9. On December 7, 2000 a no merit letter was filed, and on December 19, 2000 an order was filed stating no action would be taken on the no merit letter.

10. On October 22, 2001, an amended PCRA Motion was filed.  On July 24, 2002, the court denied Petitioner's motion.

11. On September 25, 2003, Petitioner filed another PCRA Motion, which was denied on October 24, 2003.

12. Petitioner filed an appeal to the Superior Court.  On August 12, 2003, the Superior Court affirmed the denial of the PCRA petition.

13. On December 17, 2003, the Petitioner filed a Petition for Allowance of Appeal with the Supreme Court. On March 16, 2004, the Supreme Court denied Petitioner's petition for allowance of appeal.

14. On December 10, 2004, the Petitioner filed a Petition for Writ of Habeas Corpus, with the Commonwealth Court, which was denied on December 20, 2004.

15. The Petitioner filed an appeal to the Superior Court. On July 26, 2005, Superior Court affirmed the order of the PCRA Court.

16. On November 17, 2005, the Petitioner filed a motion for reconsideration and modification of sentence, which was denied on November 30, 2005.

17. On December 5, 2005, the Petitioner filed a Motion for Post Conviction Collateral Relief. On December 21, 2005, the Commonwealth responded to the PCRA petition, and on January 31, 2006, the PCRA petition was denied.

18. The Petitioner filed an appeal to the Superior Court. On October 4, 2006, the Superior Court affirmed the order of the PCRA Court.

19. On January 10, 2008, the Petitioner filed a PCRA Motion for Correction of Illegal Sentence, which was denied on February 20, 2008.

20. Petitioner filed an appeal to the Superior Court. On December 9, 2008, the Superior Court affirmed the order of the PCRA Court.

21. All known transcripts of all hearings held, pretrial, trial, sentencing and post conviction proceedings, have been incorporated into the Respondent's Reproduced Record in this matter, which were certified to your Honorable Court at 09-45 ERIE. The Respondent is unaware of any proceedings that were recorded but not transcribed.

22. The Commonwealth asserts that this Petition is time barred. Neither of the last PCRA petitions was properly filed. Rather they were dismissed because they were untimely filed and did not meet any of the exceptions. The record establishes that this Petition is filed beyond the one-year time limit. No exceptions apply.

23. The Commonwealth asserts that Petitioner has failed to exhaust his claim(s) in the state courts. The instant claims have never been presented to the Trial Court, The Pennsylvania Superior Court or the Pennsylvania Supreme Court.

24. The Commonwealth asserts that the instant petition should be dismissed pursuant to the procedural default doctrine.

25. The Commonwealth asserts that the Petitioner's claims are without merit. The Petitioner has failed to provide sufficient facts to support his claims. In fact, the claims in the Petition are barely discernable to the Commonwealth. The Pennsylvania courts have repeatedly ruled that the sentences were legal. Petitioner is properly in custody as none of his rights have been violated.

26. In his Petition at paragraph number 1, Petitioner claims "On Dec. 15th, (illegible), This Detective Mark A. Swartfager 7281 of the P.S Police took the petitioner from his home. And later served with an invalid warrant that did not have any seal by signed by Amy L. Nicols. If she even signed it at all."

27. It is the Commonwealth's position and the record is clear that this claim has no merit and has been waived. Defendant's apprehension and arrest upon the charges to which he was sentenced was, in all respects, lawful.

28. In his Petition at paragraph number 2, Petitioner claims "Which Detective Mark Swartfager presented invalid criminal complaint that wasn't approved by the D.A. nor was it signed by the D.A."

29. It is the Commonwealth's position and the record is clear that this claim has no merit and has been waived. The complaint filed by Trooper Swartfager was in all respects lawful and in compliance with the Pennsylvania rules of Criminal Procedure.

30. In his Petition at paragraph number 3, Petitioner claims "Criminal complaint was not for Petitioner. For the social security number belongs to some other unknown person."

31. It is the Commonwealth's position that this claim has no merit and it has been waived. The Commonwealth asserts that this claim does not allege any violation of the United States Constitution or federal law. 28 U.S.C. §2254(a).

32. In his Petition at paragraph number 4, Petitioner claims "By Belief the state attorney whom had upon information and belief had authorized said kidnapping and seizure thru these agencies and Defendants whom unlawfully restrained and has detained to present the petitioner lacking probable case and jurisdiction since 1999.

33. It is the Commonwealth's position that this claim has no merit and is wholly unintelligible. The Commonwealth asserts that this claim does not allege any violation of the United States Constitution or federal law. 28 U.S.C. §2254(a).

34. In his Petition at paragraph 5, Petitioner makes unintelligible claims to which the Commonwealth cannot respond.

35. In his Petition at paragraph 6, Petitioner makes unintelligible claims to which the Commonwealth cannot respond.

36. In his Petition at paragraph 7, it appears that Petitioner is requesting that the state court records be provided. The Commonwealth has already complied and the state court records lie with this honorable court.

37. In his Petition at paragraph 8, Petitioner makes unintelligible claims to which the Commonwealth cannot respond. In so far as the Commonwealth discerns that Petitioner is claiming that a valid commitment order was not signed by the sentencing judge, this claim has no merit. The Sentence Order stands as the valid commitment order. Further, the Commonwealth asserts that this claim does not allege any violation of the United States Constitution or federal law. 28 U.S.C. §2254(a).

Wherefore, based on the foregoing, the Commonwealth respectfully requests this Honorable Court to dismiss the Petition for Writ of habeas Corpus in the above captioned case.

Respectfully submitted,

*Paula C. DiGiacomo, Esquire (S)*
PAULA C. DIGIACOMO, ESQ.
First Assistant District Attorney
Crawford County District Attorney's Office
903 Diamond Park, Room 25
Meadville, PA  16335
Phone: 814-333-7455
FAX:   814-336-4225
E-Mail: pdigiacomo@co.crawford.pa.us
ID:     PA69743

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2010, I electronically filed the foregoing **Response to Petition for Writ of Habeas Corpus** with the Clerk of Court using the CM/ECF system.

This document will be mailed via U.S. mail to the following non CM/ECF participants:


Terry Dumas, HK-5994
SCI Mercer
801 Butler Pike
Mercer, PA  16137


By: *Paula C. DiGiacomo, Esquire (S)*
PAULA C. DIGIACOMO, ESQ.
First Assistant District Attorney
Crawford County District Attorney's Office
903 Diamond Park, Room 25
Meadville, PA  16335
Phone: 814-333-7455
FAX:   814-336-4225
E-Mail: pdigiacomo@co.crawford.pa.us
ID:     PA69743