IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| MICHAEL FROST | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 1:10-cv-00117 |
| v. | : | |
| | : | |
| CRAWFORD COUNTY CCP, *et al.* | : | HON. SUSAN PARADISE BAXTER |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

BRIEF IN SUPPORT OF MOTION TO DISMISS COURT
DEFENDANTS AS PARTIES TO HABEAS CORPUS ACTION

**I.     INTRODUCTION**

Michael Frost ("Petitioner"), an incarcerated prisoner, acting *pro se*, has filed a Petition for Habeas Corpus in this Honorable Court, naming as Respondents, *inter alia*, the Courts of Common Pleas of Crawford and Erie Counties (collectively "Court Respondents").  He claims that on December 15, 1999, members of the Police Department served him with an invalid warrant for his arrest, and subsequently presented an invalid criminal complaint to the District Attorney.  (Petition for Habeas Corpus ¶ 1, 2)  He sets forth allegations of kidnapping and unlawful seizure of his person without probable cause or jurisdiction therefor, fraud, corruption, conspiracy and treason.  (Petition ¶ 4, 5)

Petitioner further complains that he was sentenced by two judges at the same time. (Petition ¶ 8)  He requests that the Crawford County Court of Common Pleas provide his records to this Court and prays for relief in the form of his release from prison.  (Petition ¶ 6, 7)

II.  **LEGAL ARGUMENT**

    A.  **THE JUDICIARY ACTING AS A NEUTRAL ADJUDICATOR IS NOT AN APPROPRIATE PARTY IN SUBSEQUENT ACTIONS ARISING FROM INITIAL JUDICIAL DECISION.**

Petitioner seeks to proceed under the federal habeas corpus statute, 28 U.S.C. 2254, *et seq*. Rule 2 of that statute, however, provides that (a) petitioners in custody name as the appropriate respondent the state officer who has custody; and (b) those subject to future custody name the prosecutor. Naming the Court of Common Pleas is clearly not contemplated by the Rules. Moreover, a petition properly brought under the state habeas provision, 42 Pa. C.S.A. § 6502, does not authorize the naming of the Common Pleas Court.

Courts of Common Pleas are clearly a part of the "Unified Judicial System" of this Commonwealth. 42 Pa.C.S. § 301. For this reason, the role of the Courts of Common Pleas of Crawford and Erie Counties *vis a vis* Petitioner Frost has been solely as that of neutral adjudicator. Criminal Courts are required by law to adjudicate criminal cases. Court Defendants in this case did not initiate the prosecution, do not have custody of the prisoner, nor do they represent the state's interest in prosecuting wrongdoers.

The judiciary is not properly named as a respondent or defendant in subsequent actions, such as the instant habeas corpus action, because they cannot be required to defend actions they take in an adjudicative capacity. See Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985), cert. denied, 475 U.S. 1208 (1986); Surrick v. Killion, 2005 U.S. Dist. LEXIS 6755, 7-10 (E.D. Pa. 2005), citing Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194 (3d Cir.2000).

Naming the judiciary in this Habeas Corpus action serves no useful purpose. The Court of Common Pleas, a neutral adjudicator required by law to try and sentence defendants in criminal cases brought before the court, has no advocacy interest in a subsequent habeas corpus action, or in any appeal of the criminal sentence.

2

### B. PLAINTIFF HAS FAILED TO ALLEGE THAT HE HAS EXHAUSTED HIS STATE COURT REMEDIES

It is well established that the federal Habeas Corpus state requires that a state prisoner first seek redress in the state forum. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982)  A federal District Court must dismiss a writ of habeas corpus filed by a state prisoner that contains <u>any</u> claims that have not been exhausted in the state Courts, the so-called "total exhaustion" rule.  <u>Id</u>.

Here, Plaintiff does not allege that he has exhausted his state Court remedies.  Moreover, a reading of his Complaint appears to lead to the inevitable conclusion that he has failed to do so.  For this reason, under the exhaustion doctrine, his Habeas Corpus Petition is properly dismissed.

### III. <u>CONCLUSION</u>

The Courts of Common Pleas of Crawford and Erie Counties respectfully request that this Honorable Court dismiss them from the instant habeas corpus action, and strike their names from the caption of this case.

Respectfully submitted,

<u>s/**Mary E. Butler**</u>
MARY E. BUTLER, ESQUIRE
Attorney I.D. No. PA34922
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants/Respondents*
*Crawford County Court of Common Pleas and*
*Erie County Court of Common Pleas*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| MICHAEL FROST | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 1:10-cv-00117 |
| v. | : | |
| | : | |
| CRAWFORD COUNTY CCP, et al. | : | HON. SUSAN PARADISE BAXTER |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 16, 2011, she personally caused to be served upon the following a true and correct copy of the foregoing *Brief in Support of Motion to Dismiss Court Defendants as Parties to Habeas Corpus Action*, by mailing same first class, postage pre-paid, U.S. mail to:

Michael Frost, EG2433
SCI Forest
P.O. Box 945
Marienville, PA 16239
*Pro Se Plaintiff*

Paula C. DiGiacomo, Esquire
Crawford County District Attorney
903 Diamond Park
Meadville, PA 16335
(814) 333-7455
Email: pdigiacomo@co.crawford.pa.us

s/Mary E. Butler
MARY E. BUTLER, ESQUIRE
Attorney I.D. No. PA34922
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants/Respondents*
*Crawford County Court of Common Pleas and*
*Erie County Court of Common Pleas*