IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| MICHAEL FROST | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 1:10-cv-00117 |
| v. | : | |
| | : | |
| CRAWFORD COUNTY CCP, *et al.* | : | HON. SUSAN PARADISE BAXTER |
| | : | |
| *Defendants* | : | **ELECTRONICALLY FILED** |

MEMORADUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANTS
CRAWFORD COUNTY COURT OF COMMON PLEAS
<u>AND ERIE COUNTY COURT OF COMMON PLEAS</u>

**I.    INTRODUCTION**

Plaintiff Michel Frost is an inmate at the Erie County Regional Jail. He has filed this civil rights action, pro se, setting forth in one lengthy paragraph allegations of kidnapping, unlawful restraint and detention, illegal seizure of his person, alienation of affection from his family, fraud, corruption and treason. He avers that these violations of his civil rights have taken place since December 15, 1999 to the present in the absence of probable cause or jurisdiction. He brings this suit pursuant to the Bill of Rights of the United States Constitution, presumably pursuant to 42 U.S.C. § 1983, although he does not cite that authority.

Plaintiff has named as Defendants, *inter alia*, Crawford County Court of Common Pleas and Erie County Court of Common Pleas (collectively "Court Defendants"), claiming to have sued them in their official and individual capacities. He prays for relief in the form of release from prison and compensatory and punitive damages. Under federal law, however, it is evident that Plaintiff's suit is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

1

II. **LEGAL ARGUMENT**

    A. **PLAINTIFF'S CLAIMS ARE BARRED BY THE IMMUNITY AFFORDED BY THE ELEVENTH AMENDMENT**

The Courts of Common Pleas of Crawford and Erie Counties are state entities and thus part of the Unified Judicial System of Pennsylvania. As such, they are fully entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States Constitution.

The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." See also Benn v. First Judicial District, 426 F.3d 233, 239-40 (3d Cir. 2005); Callahan v. City of Philadelphia, 207 F3d 668, 672 (3d Cir. 2000).

In Benn v. First Judicial District, 426 F. 3d 233 (3d Cir. 2005), citing Pennhurst State School v. Haldeman, 465 U.S. 89, 100 (1984) and Hans v. Louisiana, 134 U.S. 1 (1890), the Third Circuit Court of Appeals has definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity.

Pennsylvania has not waived its Eleventh Amendment immunity. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). For this reason, state entities of this Commonwealth are not subject to the waiver exception to sovereign immunity, but rather are entitled to full protection under the Eleventh Amendment.

Because Pennsylvania has not consented to suit in this instance, its courts and judicial officers are entitled to Eleventh Amendment immunity. For this reason, the Eleventh Amendment acts as a bar to subject matter jurisdiction in this case. Blanciak v. Allegheny Ludlum Corp., 77

F.3d 690 (3d Cir. 1996).  Plaintiff is precluded, therefore, from maintaining any claim against Court Defendants.

### B. THE CRAWFORD AND ERIE COURTS OF COMMON PLEAS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

State Courts have been found not to be "persons" against whom suit may be brought under 42 U.S.C. § 1983.  See Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000).  A claim under 42 U.S.C. § 1983 must allege that "a person" committed a violation of the Act.  As discussed above, the County Courts of Common Pleas are part of the Unified Judicial System of Pennsylvania, and, as such, constitute state entities, which are not "persons" under § 1983 and cannot be sued under that statute.  In Callahan v. City of Philadelphia, supra., the Third Circuit Court of Appeals held unequivocally that state government entities do not constitute "persons" under 42 U.S.C. § 1983.

Because the Court Defendants are not "persons" under § 1983, Plaintiff is precluded from maintaining any purported constitutional claims against them.

### C. PLAINTIFF'S SECTION 1983 CLAIMS REGARDING HIS STATE CRIMINAL PROCEEDINGS ARE NOT COGNIZABLE PURSUANT TO HECK V. HUMPHREY.

Plaintiff has alleged that he has been unlawfully detained since 1999 without probable cause or jurisdiction.  Those allegations clearly lead to the conclusion that he is challenging his underlying state criminal proceedings, thereby precluding him from using Section 1983 to recover damages or obtain other relief.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that "[h]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under Section 1983 unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

3

issuance of a writ of habeas corpus." Id. at 486-87.

The Heck Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. This rule applies if a claim necessarily implicates the fact or duration of a plaintiff's confinement. See Torres v. Fauver, 292 F.3d 141, 149-50 (3d Cir. 2002).

In the instant matter, Plaintiff's claims challenge his confinement for state criminal charges. Since Plaintiff has not alleged that his sentence was reversed or invalidated by any means as required by the decision in Heck v. Humphrey, supra, his claims are barred.

### D. THE TWO-YEAR STATUTE OF LIMITATIONS APPLICABLE TO CIVIL RIGHTS ACTIONS BARS PLAINTIFF'S CLAIMS PRIOR TO JUNE 11, 2008

Plaintiff's Complaint states that the ongoing violations of his civil rights commenced on December 15, 1999 and continue to the present. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for a personal injury action in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Since Plaintiff's Complaint was filed on June 10, 2010, any acts of which he complains that occurred without the two-year statute of limitations are barred. Thus, the statute operates to bar allegations pertaining to conduct that occurred from December 15, 1999 until June 11, 2008.

### E. PLAINTIFF'S COMPLAINT FAILS TO PRESENT A COGNIZABLE CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if Plaintiff's claims were not prohibited by the defenses set forth above, which is denied, the Complaint fails to adequately plead a cause of action. In order to comply with Federal Rule of Civil Procedure 8, a complaint must contain sufficient factual matters to state a claim for

4

relief that is plausible on its face.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  Lopez v. Beard, 333 Fed.Appx. 685, 687 (3d Cir. 2009).  If the well-pleaded facts do not permit a Court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief.  Id.  Thus, "threadbare recitals" of the elements of a cause of action supported by conclusory allegations are insufficient.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff's Complaint is exceedingly vague.  He has provided no specific details whatsoever of the conduct of which he complains that violated his civil rights.  As set forth above, he set forth in one ongoing paragraph allegations of kidnapping, unlawful restraint and detention, illegal seizure of his person, alienation of affection from his family, fraud, corruption and treason.  He avers that these violations of his civil rights have taken place from December 15, 1999 until the present in the absence of probable cause or jurisdiction.

The fact that Plaintiff is acting pro se notwithstanding, he has not set forth one fact in support of the above-stated broad, conclusory allegations.  He has failed to aver any conduct whatsoever on the part of any individual or entity that would meet or even address the elements of the violations of his civil rights he has alleged.  Under the circumstances, it is clear that his Complaint consists of prohibited "threadbare recitals" and is properly dismissed for its total failure to comply with proper pleading requirements.  Moreover, in view of the dispositive legal defenses set forth above, it is clearly that it would be futile to allow Plaintiff to file an Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Defendants Crawford County Court of Common Pleas and Erie County Court of Common Pleas respectfully request that this Honorable Court dismiss Plaintiff's Complaint as against them, with prejudice.

Respectfully submitted,

**s/Mary E. Butler**
MARY E. BUTLER, ESQUIRE
Attorney I.D. No. PA34922
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants/Respondents*
*Crawford County Court of Common Pleas and*
*Erie County Court of Common Pleas*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| MICHAEL FROST | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 1:10-cv-00117 |
| v. | : | |
| | : | |
| CRAWFORD COUNTY CCP, et al. | : | HON. SUSAN PARADISE BAXTER |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 16, 2011, she personally caused to be served upon the following a true and correct copy of the foregoing *Brief in Support of Motion to Dismiss Plaintiff's Complaint*, by mailing same first class, postage pre-paid, U.S. mail to:

Michael Frost, EG2433
SCI Forest
P.O. Box 945
Marienville, PA 16239
*Pro Se Plaintiff*

Paula C. DiGiacomo, Esquire
Crawford County District Attorney
903 Diamond Park
Meadville, PA 16335
(814) 333-7455
Email: pdigiacomo@co.crawford.pa.us

**s/Mary E. Butler**
MARY E. BUTLER, ESQUIRE
Attorney I.D. No. PA34922
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendants/Respondents*
*Crawford County Court of Common Pleas and*
*Erie County Court of Common Pleas*