# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL FROST,** ) | |
|     **Petitioner** ) | |
| ) | |
| vs. ) | C.A.No. 10-117Erie |
| ) | District Judge McLaughlin |
| **D.O.C. CAMPHILL, et al.,** ) | Magistrate Judge Baxter |
|     **Respondents.** ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the "Motion to Dismiss Crawford and Erie County Courts of Common Pleas as Parties to Habeas Corpus Action" [ECF No. 31] be granted. The Clerk of Court should be directed to terminate these parties from the docket.

By separate Order filed this day, the motion to dismiss the complaint is dismissed as moot.

**II.    REPORT**

On May 14, 2010, Petitioner Michael Frost initiated a civil rights action at this docket number, but several months later, Petitioner sought leave of court to dismiss or stay the civil rights action and instead pursue a petition for writ of habeas corpus. This Court granted him permission to withdraw the civil rights complaint, and on November 1, 2010, the petition for writ of habeas corpus was filed.

1

ECF No. 18.

Named as Respondents to the writ of habeas corpus are: "Equity," Crawford County Court of Common Pleas, Commonwealth of Pennsylvania, Erie County Court of Common Pleas, Department of Corrections Probation & Parole, SCI-Albion, and Erie County Regional Jail. Id.

Presently before this Court are the motions to dismiss filed by the Administrative Office of the Pennsylvania Courts on behalf of named Respondents Crawford County Court of Common Pleas and Erie County Court of Common Pleas. ECF Nos. 31 and 33.

Their motion to dismiss the complaint [ECF No. 33] will be dismissed as moot by separate order as the civil rights complaint was previously dismissed by Order of this Court.

Their motion to dismiss both named Courts of Common Pleas as parties to this habeas corpus action should be granted as a court is not a proper respondent in an habeas action. See Rule 2(a) of the Federal Rules Governing § 2254 Cases ("… the petition must name as respondent the state officer who has custody."); Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); Campbell v. Holt, 2011 WL 1120429, at *1 n2 ("The only proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the "Motion to Dismiss Crawford and Erie County Courts of Common Pleas as Parties to Habeas Corpus Action" [ECF No. 31] be granted. The Clerk of Court should be directed to terminate these parties from the docket.

By separate Order filed this day, the motion to dismiss the complaint is dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 2011 WL 635274, 191 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 13, 2011