## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL ALLAN FROST,        )
           Petitioner,      )     **Civil Action No. 10-117 Erie**
                         )
      v.                 )     **District Judge Sean J. McLaughlin**
                         )     **Magistrate Judge Susan Paradise Baxter**
SCI Albion, et al.,         )
          Respondents.   )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I.**     **RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 18] be

denied and that a certificate of appealability be denied.  It is further recommended the recent motions

that Petitioner has filed in which he seeks an immediate ruling on his petition [ECF Nos. 57, 58, and 59]

be denied as moot.


**II.**     **REPORT**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Michael Allan Frost,

who is a state prisoner.  He claims that on December 15, 1999, members of the police department served

him with an invalid warrant for his arrest, and subsequently presented an invalid criminal complaint to

the District Attorney.  (ECF No. 18, ¶¶ 1, 2).  He contends that authorities essentially "kidnapped" him

and that he was subject of an unlawful seizure of his person without probable cause or jurisdiction.  He

also makes nonspecific claims of fraud, corruption, conspiracy, and treason.  (ECF No. 18 ¶ 4, 5).

Petitioner further complains that he was sentenced by two judges at the same time.  (ECF No. ¶ 8).  As

relief, he seeks an Order from this Court directing that he be immediately released from prison.  (ECF No. ¶¶ 6, 7).

### A.      Relevant Background[1]

On December 15, 1999, Petitioner was arrested by the Pennsylvania State Police and charged with nine counts of Rape; nine counts of Incest; eight counts of Involuntary Deviate Sexual Intercourse; six counts of Aggravated Indecent Assault; forty counts of Indecent Assault; five counts of Endangering Welfare of Children; and six counts of Corruption of Minors.  The charges stem from his course of conduct of sexual abuse of five of his children in 1998 and 1999.  He was charged with:

- engaging his female child, A.D.F., age 8 or 9, in sexual intercourse, fellatio, cunnilingus and digital penetration of her genitals;

-  engaging his biological daughter, L.A.F., age 7 or 8, in sexual intercourse, cunnilingus, digital penetration of her genitals and making her watch pornographic movies;

- engaging his biological daughter, B.A.F., age 6 or 7, in sexual intercourse, cunnilingus, fellatio, digital penetration of her genitals, penetration of her genitals with a Barbie doll, and making her touch his penis with her hand;

- having his biological son, B.M.P., age 8 or 9, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F., and making him watch pornographic movies;

- having his biological son, M.A.F., age 5 or 6, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F.

(Vol. I at 1-36).

On March 10, 2000, Petitioner, represented by Assistant Public Defender M. Dan Mason, Esq., pleaded guilty to Count 21, Involuntary Deviate Sexual Intercourse (fellatio on A.D.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count 51, Involuntary Deviate Sexual Intercourse (cunnilingus

---

[1]  Respondents have submitted the relevant state court records in Volumes I and II of the Reproduced Record.  Volume III of the Reproduced Record contains the relevant transcripts.

on L.A.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count 68, Involuntary Deviate

Sexual Intercourse (fellatio on B.A.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count

82, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S. § 4304;

and Count 83, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S.

§ 4304.  The remaining counts were *nolle prossed* by the Commonwealth.

Petitioner was sentenced on May 19, 2000 to the following:  Count 21 – 5 to 10 years; Count 51

– 5 to 10 years to run consecutive to Count 21; Count 68 – 5 to 10 years to run consecutive to Count 51;

Count 82 – 12 to 30 months, to run consecutive to Count 68; Count 83 – 12 to 30 months, to run

concurrent with Count 82.  This sentence aggregated to 16 years to 32½ years.

A motion for reconsideration of sentence was granted on June 6, 2000, with the court allowing

credit for pre-sentence incarceration.  (Vol. I at 45).  No direct appeal was filed.  Accordingly,

Petitioner's judgment of sentence became final on or around July 6, 2000, thirty days after the order

granting the post-sentence motion was entered and the time for filing a direct appeal expired.  See 42

Pa.C.S. § 9545(b)(3); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at

the conclusion of direct review or the expiration of time for seeking such review).

On August 24, 2000, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*  (Vol. I at 46-52).  The PCRA Court appointed Edward

J. Hatheway, Esq. to represent him.  (Vol. I at 53).  Hatheway initially filed a "no-merit" brief and

requested permission to withdraw, but when the court denied permission to withdraw, he filed an

advocate's brief in which it was argued, *inter alia*, that Petitioner's confession had been illegally

obtained and that trial counsel was ineffective in failing to seek to suppress it.  (Vol. I at 54-96).

The PCRA Court held an evidentiary hearing on June 27, 2002.  On July 24, 2002, it issued a

Memorandum and Order in which it denied Petitioner's request for collateral relief.  (Vol. I at 97,

3

Commonwealth v. Frost, No. 1999-1288, slip op. (C.P. Crawford, July 24, 2002)).  The Superior Court

of Pennsylvania affirmed the PCRA Court's decision on August 12, 2003.  (Vol. I at 247-57,

Commonwealth v. Frost, No. 1340 WDA 2002, slip op. (Pa.Super. Aug. 12, 2003)).  On March 16,

2004, the Supreme Court of Pennsylvania denied a petition for allowance of appeal.  (Vol. I at 311).

On December 10, 2004, Petitioner filed another *pro se* PCRA petition in which he raised various

claims attacking his judgment of sentence.  (Vol. I at 312-25).  The PCRA Court denied that petition.

(Vol. I at 327).  On July 26, 2005, the Superior Court issued a Memorandum in which it affirmed the

PCRA Court's decision.  (Vol. II at 33-37, Commonwealth v. Frost, No. 114 WDA 2005, slip op.

(Pa.Super. July 26, 2005)).  It held that his request for PCRA relief was untimely under the applicable

one-year statute of limitations, which is codified at 42 Pa.C.S. § 9545(b)(1).

On December 12, 2005, Petitioner filed another PCRA petition.  (Vol. II at 50-57).  The PCRA

Court denied it as untimely under 42 Pa.C.S. § 9545(b)(1).  (Vol. II at 66-67).  On October 4, 2006, the

Superior Court affirmed the PCRA Court's decision.  (Vol. II at 97-102, Commonwealth v. Frost,

No. 465 WDA 2006, slip op. (Pa.Super. Oct. 4, 2006)).

On January 10, 2008, Petitioner filed another PCRA petition, this time complaining that his

sentence was illegal.  (Vol. II at 103-13).  On February 20, 2008, the PCRA Court issued a

Memorandum and Order in which it denied the petition as time barred under 42 Pa.C.S. § 9545(b).  The

court commented at the end of its decision:  "Quite frankly, this defendant is abusing the court system

and it is too bad that the court cannot prohibit him from any further filings and hold him in contempt if

he violated that order."  (Vol. II at 114-19, Commonwealth v. Frost, No. 1288-1999, slip op. (C.P.

Crawford, Feb. 20, 2008)).  On December 9, 2008, the Superior Court issued a Judgment Order

affirming the PCRA Court's decision that the petition at issue was untimely.  (Vol. II at 138-39,

Commonwealth v. Frost, No. 521 WDA 2008, slip op. (Dec. 9, 2008)).

4

Petitioner commenced the instant action in May of 2010, when he filed a civil rights complaint. On August 3, 2010, he informed the Court that he wished to convert this action into one for habeas relief and file a petition for writ of habeas corpus.  The Court permitted him to do so, and on November 1, 2010, he filed his petition.  (ECF No. 18).  Respondents have filed their Answer (ECF No. 30) and the relevant state court records.

###    B.    Discussion

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  In their Answer, Respondents contend that the petition must be dismissed because each of Petitioner's claims are untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d).  AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final.  28 U.S.C. § 2244(d)(1)(A).[2]

As set forth above, Petitioner's judgment of sentence became final on July 6, 2000; therefore, the one-year period for filing his federal habeas petition began to run on that date.  He filed his first PCRA petition on August 24, 2000.  Section 2244(d)(2) provides:  "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  (Emphasis

---

[2]   Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  He did not suffer any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review.  Id. at § 2244(d)(1)(C).  He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  Id. § 2244(d)(1)(D).

added).  Accordingly, the PCRA petition statutorily tolled AEDPA's statute of limitations on that date.
At that point, approximately 49 days had expired from AEDPA's limitation period.  Thus, when the first
PCRA proceedings finished, Petitioner would have 316 days to file a timely habeas petition in federal
court.

As set forth above, on March 16, 2004, the Supreme Court of Pennsylvania issued its order
denying a petition for allowance of appeal, thus concluding the first PCRA proceeding.  See, e.g.,
Swartz, 204 F.3d at 419-20.  See also Lawrence v. Florida, 549 U.S. 327 (2007).  After that date, the
limitations period began to run again, and Petitioner, having 316 days remaining before the statute of
limitations expired, had until on or around January 26, 2005, to file a timely federal habeas petition with
this Court.  Importantly, because each of his subsequent PCRA petitions were deemed by the state court
to be untimely under state law, none of them qualify as "properly filed application for State post-
conviction or other collateral review" under the terms of § 2244(d)(2) and therefore none of them tolled
AEDPA's statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (a state postconviction
petition that is "rejected ... as untimely ... was not 'properly filed' ... and ... [does] not entitle[ ] [a federal
habeas corpus petitioner] to statutory tolling under § 2244(d)(2).").  Petitioner did not initiate
proceedings with this Court until 2010, many years outside of AEDPA's statute of limitations.

The United States Supreme Court recently held that AEDPA's statute-of-limitation period "is
subject to equitable tolling in appropriate cases."  Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560
(2010).  Petitioner would be entitled to equitable tolling only if he shows both that (1) he has been
pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented
timely filing.  Id. at 2562.  See also Pabon v. Mahanoy, — F.3d — , 2011 WL 2685586 (3d Cir. July 12,
2011) ("[E]quitable tolling is appropriate when 'principles of equity would make the rigid application of
a limitation period unfair.' …  However, courts need to be 'sparing in their use of' the doctrine.").

6

Petitioner has not directed the Court to anything in the record which indicates that equitable tolling would be appropriate in this case.

Based upon all of the foregoing, Petitioner's claims are untimely and they must be denied for that reason.

### C.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Applying that standard here, jurists of reason would not find it debatable whether Petitioner's federal habeas claims are untimely.  Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.  It is further recommended the

7

recent motions that Petitioner has filed in which he seeks an immediate ruling on his petition [ECF Nos. 57, 58, and 59] be denied as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  September 7, 2011

cc:      The Honorable Sean J. McLaughlin
         United States District Judge

8