IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ALLAN FROST,** | ) | |
| Petitioner, | ) | Civil Action No. 10-117 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **SCI Albion, et al.,** | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

**SEAN J. McLAUGHLIN, District Judge.**

This habeas action filed by Michael Allan Frost was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On September 7, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 60], in which she recommended that the petition be denied as untimely and that a certificate of appealability ("COA") be denied. She further recommended that Frost's outstanding motions [ECF Nos. 57, 58, and 59] be denied as moot. On September 19, 2011, Frost filed Objections [ECF No. 61] to the R&R.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Frost in his Objections and we agree with the Magistrate Judge that his habeas petition is untimely and that he is not entitled to a COA on any of his claims. Frost's Objections are overruled and we approve and adopt the R&R, as supplemented herein. We write only to address his contention

1

that his petition should be construed as being filed pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.

## I.

In the R&R, the Magistrate Judge explained that this proceeding is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). That statute provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus *in behalf of a person in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). Because Frost did not meet that deadline, the Magistrate Judge explained, his federal habeas claims are untimely and they must be denied for that reason.

In his Objections, Frost insists that his federal habeas petition should be construed as being filed pursuant to 28 U.S.C. § 2241, which provides:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
>
> - - -
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless --
>
> > (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> >
> > (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a), (c). Section 2241 does not include the one-year limitations period applicable to § 2254 petitions, and that is likely why Frost labeled his petition as being filed under that section and not § 2254.

No matter what label Frost has placed on his filing, this Court must construe it as being filed under § 2254:

> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…
>
> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (July 2011) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific

statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, <u>Felker v. Turpin</u>, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

Because Frost is in custody pursuant to the judgment of a state court, his habeas petition must be construed as having been filed pursuant to § 2254.  Because he did not file his petition in accordance with the statute of limitations applicable to § 2254 petitions, his habeas claims are untimely for the reasons explained in the R&R.

## II.

Accordingly, this **28th** day of **September, 2011**, it is hereby **ORDERED** that following a *de novo* review of the pleadings and record in this case, the Report and Recommendation by Magistrate Judge Baxter is adopted as the Opinion of this Court, as supplemented herein.  The petition is denied and a COA is denied.  Frost's outstanding motions [ECF Nos. 57, 58, and 59] are denied as moot.  The Clerk shall mark this case **CLOSED**.

                                                S/Sean J. McLaughlin
                                                United States District Court Judge
                                                Western District of Pennsylvania